**Randy Earl CAMPBELL, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. CA 3–85–2483–G.

United States District Court, N.D. Texas, Dallas Division.

March 7, 1986.

Tex McConathy, Dallas, Tex., for plaintiff.

H. Victor Conrad & Louise P. Hytken, Tax Div., Dept. of Justice, Dallas, Tex., for defendant.

## MEMORANDUM ORDER

FISH, District Judge.

This case is before the court on the motion of defendant, the United States of America ("USA"), to dismiss the complaint filed by plaintiff Randy Earl Campbell ("Campbell") for failure to state a claim upon which relief can be granted. After reviewing all material in favor of and in opposition to the motion, the court concludes that the motion should be granted.

### Factual Background

On October 4, 1985, the Internal Revenue Service ("IRS") notified Campbell that he was liable for certain unpaid taxes. Pursuant to 26 U.S.C. § 6020(b)(1),[1] the IRS attached tax returns for each period in question.[2] The IRS also advised Campbell of his administrative and judicial remedies and warned that "[i]f we do not hear from you within 30 days ..., we will have to assess the tax and process the returns we have prepared for you.... You will then be billed for the amount of the tax liability, plus any interest and penalties due."

On November 12, 1985, the IRS assessed the tax allegedly due and permitted Campbell ten days to pay the tax. On November 19, 1985, the IRS mailed Campbell a letter notifying him of its intention to levy.[3]

### Campbell's Contentions

On December 9, 1985, Campbell filed a complaint with this court contending that the IRS had made a jeopardy assessment of taxes allegedly owed. Campbell invoked the protections of § 7429(b)(2) and (3), which require prompt judicial review of the reasonableness of an assessment.[4] Contending that the assessments were not reasonable under the circumstances and that no ground existed upon which to base a belief that the collection of any unpaid and owing taxes would be jeopardized by delay, Campbell prayed for (1) a determination that the making of the assessment was not reasonable; (2) a determination that the amounts assessed were not appropriate; and (3) an order that the IRS abate the assessment and levy in their entirety.

### Contentions of IRS

The IRS contends that the assessment was not a jeopardy assessment but a prompt assessment under § 6020(b). Accordingly, the IRS contends that § 7429,

---

1. If any person fails to make any return required by any internal revenue law or regulation made thereunder at the time prescribed therefore, or makes, willfully or otherwise, a false or fraudulent return, the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise.

2. Unless otherwise indicated, all references hereinafter are to sections of the Internal Revenue Code, Title 26 U.S.C.

3. Section 6331 provides for levy upon nonpayment:

   If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary or his delegate to collect such tax ... by levy upon all property and rights to property ... belonging to such person or on which there is a lien provided in this chapter for the payment of such tax.

4. (2) Within 20 days after an action is commenced ..., the district court shall determine whether or not—
   (A) the making of the assessment under section 6851, 6861, or 6862 ... is reasonable under the circumstances, and
   (B) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862, is appropriate under the circumstances.
   (3) If the court determines that the making of such assessment is unreasonable or that the amount assessed or demanded is inappropriate, the court may order the Secretary to abate such assessment, to redetermine (in whole or in part) the amount assessed or demanded, or to take such other action as the court finds appropriate.

entitled "Review of Jeopardy Assessment Procedures," is inapplicable, so that Campbell has failed to state a claim upon which relief can be granted.

### Analysis

 Section 6861 provides for jeopardy assessment of income, estate, and gift taxes. Section 6862 provides for jeopardy assessment of taxes other than income, estate, gift, and certain excise taxes:

> If the Secretary believes that the collection of any tax ... under any provision of the internal revenue laws will be jeopardized by delay, he shall ... immediately assess such tax.... Such tax, additions to the tax, and interest shall thereupon become immediately due and payable, and immediate notice and demand shall be made by the Secretary for the payment thereof.

Thus, section 6862, by omission, provides for jeopardy assessment of employment taxes, at issue in the instant case.

The October 4, 1985, IRS letter notified Campbell of the availability of extensive *pre-assessment* administrative and judicial appellate rights. Section 7429, which applies only to jeopardy assessments, provides for a *post-assessment* review procedure but does not contemplate any pre-assessment review.[5]

Additionally, the IRS-prepared returns gave Campbell an opportunity to pay delinquent taxes prior to any assessment. Further, the assessments were not made until one month following preparation of the returns. This procedure clearly is contrary to § 6862, which provides that the Secretary shall immediately assess delinquent taxes, declare the taxes immediately due and payable, send immediate notice and demand, and conduct an immediate levy in accordance with § 6331. *See Commissioner of Internal Revenue v. Shapiro*, 424 U.S. 614, 617–18, 96 S.Ct. 1062, 1066, 47 L.Ed.2d 278 (1976); *Schuster v. United States*, 765 F.2d 1047, 1048 (11th Cir.1985). *See, generally, Laing v. United States*, 423 U.S. 161, 96 S.Ct. 473, 46 L.Ed.2d 416 (1976); *Zuluaga v. United States*, 774 F.2d 1487 (9th Cir.1985); *Fidelity Equipment Leasing Corp. v. United States*, 462 F.Supp. 845 (N.D.Ga.1978); *Yannicelli v. Nash*, 354 F.Supp. 143 (D.N.J.1973). Thus, the court concludes that the IRS did not make a jeopardy assessment.

### Conclusion

Campbell attempts to invoke § 7429(d) to obtain prompt judicial review of the IRS action. Since the court has concluded a jeopardy assessment is not involved, § 7429(d) is inapplicable. Because Campbell has failed to state a claim upon which relief can be granted, the complaint is **DISMISSED**.

**SO ORDERED.**

---

5. **(a) Administrative review.—**
   **(1) Information to taxpayer.**—Within 5 days after the day on which an assessment is made under section 6851(a), 6861(a), or 6862, the Secretary shall provide the taxpayer with a written statement of the information upon which the Secretary relies in making such assessment.
   **(2) Request for review.**—Within 30 days after the day on which the taxpayer is furnished the written statement described in paragraph (1), or within 30 days after the last day of the period within which such statement is required to be furnished, the taxpayer may request the Secretary to review the action taken.

**(3) Redetermination by Secretary.**—After a request for review is made under paragraph (2), the Secretary shall determine whether or not—
(A) the making of the assessment under section 6851, 6861, or 6862, as the case may be, is reasonable under the circumstances, and
(b) the amount so assessed or demanded as a result of the action taken under section 6851, 6861, or 6862 is appropriate under the circumstances.